The Employment Law Firm
Cynthia L. Pollick, LLM                                                        Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARA KROLL, | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| CITY OF NANTICOKE, | : | DOCKET NO: |
| | : | |
| Defendant | : | |

## COMPLAINT

NOW comes the Plaintiff, Kara Kroll, by her attorney, Cynthia L. Pollick, Esquire, and file the following Complaint against Defendant and aver as follows:

### PARTIES

1. Plaintiff, Kara Kroll, is employed by the Defendant City of Nanticoke as a Police Officer.

2. Defendant, City of Nanticoke, has a principal office at 15 E. Ridge Street, Nanticoke, Pennsylvania.

1

## JURSIDICTION

3. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. Jurisdiction lies pursuant to the Fair Labor Standards Act (FLSA).

4. The unlawful employment practices described in this Complaint have been committed in the Middle District of Pennsylvania, and the employment records relevant to those conditions and practices are, on the information and belief of Plaintiff, maintained and administered at the offices of the Defendant in the Middle District of Pennsylvania and the Defendant does business in this District.

5. At all relevant times herein, Defendant City of Nanticoke has and continues to be an employer within the meaning of the FLSA.

6. Under the FLSA, Defendant City of Nanticoke is required by law to pay employees not less than one and one-half times the employee's pay for all hours worked over 40 hours in a work week.

7. At all times hereinto, Defendant City of Nanticoke was willful in its refusal to pay overtime to Plaintiff since it knew about the requirement of overtime payment for hours worked over 40.

8. At all times hereinto, Defendant City of Nanticoke knew or should have known that by law it was required to pay Plaintiff overtime.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)
## PLAINTIFF V. DEFENDANT

9. Plaintiffs hereby incorporate by reference paragraphs one (1) through eight (8) as if set forth herein at length.

10. Plaintiff is employed by Defendant City of Nanticoke as a Police Officer.

11. Plaintiff is not management and is paid on an hourly basis.

12. Plaintiff was paid approximately $20 per hour.

13. On or about October 7, 2016, Plaintiff suffered a work-related injury in the nature of a sprained neck while on duty.

14. Plaintiff started treating with Defendant's doctor, Dr. Jon Olengenski, for her work-related injury.

15. Plaintiff was off of work for one week but continued to need medical treatment thereafter.

16. Defendant City of Nanticoke refused to allow Plaintiff time off during her shift to treat with its doctor.

17. Defendant City of Nanticoke required Plaintiff to schedule her medical appointments for her work-related injury outside her normal 8 hour shift.

18. Consequently, Plaintiff incurred overtime for having to go to Defendant's doctor after or before her scheduled shift.

19. Plaintiff incurred 1 hour of overtime for 11/17/16, 11/18/2016, 11/22/2016, 11/29/16, 12/6/2016, 12/8/2016, 12/13/2016, 12/15/2016, 12/16/2016, 12/20/2016, 12/22/2016, 12/23/2016, and approximately three (3) additional days.

20. Plaintiff's treatment was necessary and for the benefit of Defendant since she was treating for a work-related injury.

21. Therefore, Plaintiff is entitled to overtime pay for the time spent attending and traveling to her medical treatments. *See Sehie v. City of Aurora*, 432 F.3d 749 (7th Cir. 2005).

**WHEREFORE**, Plaintiff seeks all remedies available pursuant at law and injunctive relief including but not limited to payment of unpaid overtime wages and benefits, precluding denial of overtime in the future for medical treatment, liquated damages, attorney fees and costs, pre- and post- interest, delay damages, and other such legal and equitable relief as allowable at law.

A jury trial is demanded.

> By: s/ Cynthia L. Pollick
> Cynthia L. Pollick, Esquire
> Pa. I.D. No.: 83826
> 363 Laurel Street
> Pittston, PA 18640